The facts sufficiently appear in the opinion.
By the Court. — Curtis, J.
The plaintiff sues to recover for five months’ services by one Riordan, his assignor, as assistant inspector in the, department of finance of the city of New York. Riordan’s salary was two thousand dollars per annum, and he was duly appointed to the office. The plaintiff’s assignor testifies that he went every day to the comptroller’s office during this period, but that his official duties were to inspect sewers, street paving, piers, and other work being performed for the city, and that he duly attended to all such duties. The only evidence claimed to be in conflict with this, is the testimony of an employee in the comptroller’s office, that plaintiff’s assignor was «absent therefrom a number of days during the five months, as appears by the witness’s memoranda. The witness at first declined to swear that he himself was present every day, and actually observed the absence, but on referring to his book he did so.
There was no evidence that the duties of assistant inspector required Riordan’s presence every day in the comptroller’s office, or that he failed to perform his duty, or was absent from the comptroller’s office negligently, or unnecessarily.
After the parties rested, the defendants’ counsel *108 asked leave to go to the jury on the question of the performance of duty, which was denied, and the defendants excepted.
Thereupon the defendants’ counsel requested the court to charge the jury that under the evidence the defendants are entitled to a deduction from the amount of the claim, by reason of the absence of the plaintiff, which was denied, and the defendants excepted.
The defendants also asked the court to submit to. the jury the question whether or not the defendants are not entitled to have deductions made from the plaintiff’s claim, on account of Riordan’s absence from duty, which was denied, and the defendants excepted.
The court directed a verdict for the plaintiff for one thousand and nine dollars and twenty-one cents, and the defendants’ counsel excepted.
There was no question of the performance of duty, raised by the evidence, and there were no absence shown that were inconsistent with its performance; there was nothing to go to the jury, and the court properly directed a verdict for the plaintiff, and declined to charge the jury and submit questions as requested by the defendants’ counsel.
It is stated in the case, that the court ruled that this being a salaried office, where the salary is fixed by law, the officer is entitled to his salary, not withstanding he fails to perform any duty, as long as he is continued in the office, and the defendants excepted to the ruling.
This was merely a legal proposition advanced by the court, and not based on any evidence of a failure to perform official duty, and though designated in the-case as a.ruling of the court, simply presents a question that does not arise in the controversy, and the-determination of which, in whatever way, did not and could not, affect or prejudice the defendants, and *109 which, in view of the uncontradicted evidence of due performance of duty, it is unnecessary to consider.
Defendants’ exceptions should be overruled, aud judgment ordered for plaintiff on the verdict, with costs.
Freedman and Speir, JJ., concurred.